**In the Matter of David A. LAYSON.**

**No. 31S00–0504–DI–135.**

Supreme Court of Indiana.

Sept. 13, 2005.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** The Commission filed this action on April 4, 2005, and respondent was served on April 6, 2005. Respondent did not file an answer, and on May 17, 2005, the Commission sought a judgment on the complaint. The hearing officer entered a judgment on the complaint and filed her findings and recommendation on June 22, 2005.

In December 1980, clients purchased property and for twenty years their property tax payments were not credited due to an

error in the legal description in the deed recorded at the time of purchase. In October 2000, the clients received notice that the property had been sold at tax sale. In December 2000, clients hired respondent to correct the deed and quiet title to the property. By June 21, 2001, the corrected survey and legal description were completed, yet respondent took no action until June 24, 2004, when he filed a complaint to reform the deed and quiet title. Subsequently, respondent took no further action and did not respond to the clients' numerous phone calls. After the clients filed a complaint with the Disciplinary Commission, respondent filed a motion for a default judgment on February 10, 2005, which the court granted February 15, 2005.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness, and Prof. Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably, informed about the status of a matter.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of sixty (60) days, effective October 24, 2005, with automatic reinstatement thereafter. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Maria Denise Granger, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SHEPARD, C.J. and DICKSON, SULLIVAN and RUCKER, JJ., concur.

BOEHM, J., dissents and would impose a thirty (30) day suspension, with automatic reinstatement.